Chief Justice’Robertson,
delivered the opinion of thecourt.
Although Dinsford (the allegpd mortgagor, ) admitted the allegations of the bill, Crutch-field, the puisne mortgagee, required proof of the execution of the deed to Coke, on which the circuit court decreed a foreclosure and sale. There is no proofagainst Crutchfield, of the execution of the deed; as to him, such proof'was necessary, even if his mortgage be fraudulent upon creditors and purchasers.
The bill does not allege the non-payment of the last instalment of the debt, for securing which the deed *90 to Coke purports to have been given; and consequently, as there was no evidence to prove that that instalment remained due, it was erroneous to decree the-payment of it.
On a bill, filed for the I'ore-olo -iiro o'.a morti"\ e, the ohanoollur cannotrender a decree in personam, unless he ha», independently of the mort-j?ae:e, exclusive or concurrent jurisdiction o\er the demand.
Crittenden,-(or plaintiffs.; Denny, for defendant.
It does not appear that the demand was such, independently of the mortgage, as a chancellor could have taken either concurrent or exclusive, cognizance of, and therefore the decree in-personam is erroneous.
It is not necessary now to decide, whether proof of the execution of the mortgage to Coke will render it necessary for Crutchfield to prove, that his subsequent mortgage was bona fide, and for a valuable consideration. As the decree must be reversed, and as Crutch-field was himself the purchaser of the land-, at the sale under the decree of foreclosure, and seeks a reversal, the sale also should be set aside.
Wherefore it is decreed and ordered, that (he decree of the circuit court be reversed, and the cause remanded, with instructions to set aside the sale, and allow an amendment of the bill if it should be desired, and such further proceedings as shall be proper according to this opinion.